IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT of RHODE ISLAND

United States of America

criminal No. 01-080T

V.

KAREEM RODERIQUE

Defendant Reply to Goverments Responce to Defendants Motion for Reduction of sentence pursuant to title 18 U.S.C. 3582(c)(2)

Comes Now, the Defendant herein, Kareem Roderique, pro'se, and moves this honorable Court to Reduce his sentence under the Authority of 18 U.S.C. 3582(c)(2), U.S.S.G. 1B1.10, as amended by amendment 706, 18 U.S.C. 3553(a), and recent supreme court decisions that have changed the landscape of federal sentencing. It is respectfully submitted that applying Amendment 706 to Defendant, the sentence produced is greater than necessary to Achieve the goals of sentencing under 3553(a)

In support here of, the Defendant states the following:

On March 13, 2008 the Goverment filed its respose to Defedants Motion for reduction of sentence. In support of their Position the Goverment rely on the 120 month Guideline sentence.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(c)

As this Court is aware, in UNITED STATES V. BOOKER, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. Therefore, the appropriate remedial measure was to declare the Guidelines merely advisory. See Booker, 125 S. Ct. at 757 (2005) (Breyer, J.). After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence no grater than

necessary to achieve the goals of sentencing set forth in 18 U.S.C. 3553 (a)(2).

I. Statement of Jurisdiction

Federal law provides an avenue for those whose sentences have been incorrectly sentenced. Title 18 U.S.C. 3582 (c) provides that a criminal defendant may move for a modification of sentence when he has been sentenced to a term of incarceration "based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant". 18 U.S.C. 3582 (c)(2). Petitioner submits that the Sentencing Commission has taken such action, and hereby moves for modification of his sentence.

II. The Sentence Produced by the Strict Application of the Guidelines in this Case Produces a Sentence Greater than Necessary to Achieve the Goals of Sentencing.

The sentencing guideline range of 100 to 125 months represent application of the two level reduction in the offense level,

but fails to fully take into account factors under 3553(a) and the sentencing mandate of 3553 (a)(2). Specifically, the sentence fails to fully account for the unjustified disparity in penalties between cocaine powder and cocaine base and the disparity impact those penalties have on African Americans like the Petitioner. Additionally, the proposed sentence fails to take into consideration Petitioner's desire and efforts toward rehabilitation since his incarceration. Accordingly the proposed sentence is greater than necessary to achieve the goals of sentencing.

(A) The 3553(a) Sentencing Mandate

Since the Guidelines are now advisory 18 U.S.C. 3553(a) controls and defines the courts duties at sentencing. The overriding principle and basic mandate of 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. The sufficient-but-not-greater-than-necessary requirement is often re-

ferred to as the "parsimony provision". See, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007); Gall v. United States, 128 S. Ct. 586, 597 n. 6 (2007), Rita v. United States, 127 S. Ct. 2456, 2463 (2007); United States v. Denardi, 892 F. 2d 269, 276-77 (3rd Cir. 1989)

The parsimony provision sets an independent limit on the sentence a court may impose. Since 3553(a) requires sentences to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guidline range. Kimbrough; see also, United States v. Ferguson 456 F. 3d 660, 667 (6th Cir. 2006) (the parsimony provision serves as "the guidepost for sentencing decisions post-Booker."), United States v. Cull, 446 F. Supp. 2d 961, 963 (E.D. Wis. 2006).

The Supreme Court held that a guideline sentence may not be presumed reasonable by the sentencing court. Such a presumption "applies only on appellate review" Rita v. United States, 127 S. Ct. 2456, 2463 (2007), and the "sentencing court does not enjoy the benefit of a legal presumption that the Guidlines sentence should apply". Rita,

127 S. Ct. at 2456. The Rita Court was careful to note that, although the courts of appeals may presume reasonable within guideline sentence, they may not presume a non-guideling sentence to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. Id at 2467.

According to the Supreme Court, the sentencing judge, after determining the guideline range, may decide that the guideline sentence:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect 3553 (a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f)

Rita, 127 S.Ct at 2456. The Court in Rita stressed the importance of the sentencing judge providing reasons for the sentencing decision. Id. at 2468. Although the judge may, absent non-frivolous arguments to the contrary, often say little when he im-

poses a guideline sentence, he must respond when "a party contests the Guidelines sentence generally under 3553(a) - that is argues that the Guidelines reflect an unsound judgment or, for example, that they do not generally treat certain defendant characteristics in the proper way - or argues for departure[.]" Id. The Court thus placed nothing off-limits for district courts, not even arguments that the guideline reflects "an unsound judgement" generally, but instead placed on district courts the burden to explain why they impose the sentences they do. Id.

B. Supreme Court Clarifies Booker and Rita

On December 10, 2007, the Supreme Court decided two cases - each by a comfortable 7-2 margin - emphasizing that in the post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Federal Sentencing Guidelines. See, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007); Gall v. United States, 128 S. Ct. 586, 597 n.6 (2007). These new decisions, in reinforce and clarified the rulings in Booker, and Rita, that the Guidelines are truly advisory (one factor